# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                                 **Case No. 21-CR-223**

JUAN ARTURO CHARLES, et al.,

        Defendant.

# ORDER

Juan Arturo Charles initially appeared in the Southern District of California, where he was detained and ordered removed to this district. (ECF No. 40-8.) He appeared before this court on June 6, 2022, and the order of detention continued. On July 30, 2022, Charles filed a motion for bond. (ECF No. 52.)

A detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Charles is subject to detention under 18 U.S.C. §§ 3142(f)(2)(A) and 3142(f)(1)(E), having been charged with offenses related to the unlawful acquisition of firearms and the smuggling of those firearms to Mexico. Because the charges relate to firearms, and specifically, especially dangerous high-powered rifles, there are obvious concerns that releasing Charles would pose a danger to the community. The details of Charles's alleged dangerousness are addressed in the government's sealed brief in opposition to Charles's motion. Because it is unclear which specific allegations the government seeks to withhold from the public, the court does not address those allegations here. Rather, the court addresses only whether the government has shown that, if released, it is more likely than not that Charles will fail to appear as required.

Charles has no criminal record. (ECF No. 46 at 1.) He is a citizen of the United States but also maintains Mexican citizenship (ECF No. 52, ¶¶ 5-6) and has extensive contacts with Mexico. He was arrested reentering the United States from Tijuana. (ECF No. 52, ¶ 2.) His wife and two of their three children live in Tijuana (ECF No. 52, ¶ 5), as does his mother (with whom he does not have a relationship (ECF No. 53 at 1)).

Charles has no connections to this district and therefore proposes to live with his father in San Diego. (ECF No. 53 at 1-2.) Alternatively, he proposes renting an apartment in Milwaukee and residing here. (ECF No. 53 at 2.) The apartment would be funded by Charles's father, who is an electrician at the University of California – San Diego. (ECF

No. 52, ¶ 12.) The proposal to live in Milwaukee constitutes new and material information to merit reopening the detention hearing.

The government opposes Charles's release, citing, in part, his alleged role as a leader of the straw-purchasing and smuggling operation. (ECF No. 57 at 4.) It contends that Charles has connections to criminal organizations in Tijuana and was primarily residing in Mexico.[1] (ECF No. 57 at 6.)

The weight of the evidence, as characterized by the government, appears strong and favors detention. A person facing certain conviction is more likely to take his chances as a fugitive; a person likely to be exonerated may prefer a trial to the perils of life as a fugitive. The fact that Charles does not have a criminal record and his status as a United States citizen favor release. However, the absence of connections to this district and strong connections to Mexico, including the fact that his wife and children reside there, and his status as a Mexican citizen strongly favor detention.

Although the risk of nonappearance may be somewhat mitigated through conditions, including electronic monitoring, limitations on Charles's travel, a requirement that he surrender any passport or similar travel document, and supervision by Pretrial Services, the court finds these conditions insufficient. Given his strong connections to Mexico, significant bond would be needed to adequately mitigate

---

[1] The government notes that in 2017 and 2018 Charles crossed the border "many times" but in the roughly two years prior to his arrest in April of 2022 had entered the United States from Mexico only on March 18, 2021, March 9, 2021, and January 22, 2022. The court notes that Charles's decreased travel corresponds with a period when Covid-related restrictions complicated border crossings.

the risk that Charles would not appear as required. The court notes that records indicate that Charles's father owns a home (ECF No. 53 at 2) and has other financial resources (ECF No. 52, ¶ 12). However, Charles has not proposed posting any bond to secure his release. In the absence of any such proposal, the court finds that the government has sustained its burden to prove by a preponderance of the evidence that Charles, if released, would fail to appear as required. Accordingly, the motion to reopen the detention hearing is **denied without prejudice**.

Any further motion to reopen the detention hearing should include a proposal for the posting of significant bond. If Charles is able to propose conditions sufficient to address the court's concerns regarding his risk of non-appearance, the court will schedule a hearing to address the government's concerns regarding Charles's alleged danger to the community.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 29th day of August, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge